IN THE UNITED STATES DISTRICT COURT
                 WESTERN DISTRICT OF ARKANSAS
                     FAYETTEVILLE DIVISION

SIMMONS FOODS, INC. AND SIMMONS
PREPARED FOODS, INC.                                      PLAINTIFFS

           v.          Civil No. 09-5103

H. MAHMOOD J. AL-BUNNIA & SONS
COMPANY; MIDDLE EAST FROZEN FOODS;
MIDDLE EAST FROZEN FOODS IRAQ, LLC;
AL MANSOUR FOR SALT PRODUCTION
COMPANY, LTD.; NATIONAL FOOD PRODUCTS
DEVELOPMENT COMPANY, LTD.; INTERNATIONAL
MEAT PROCESSING COMPANY; and THE GLOBAL
COMPANY FOR MEATS, LTD.                                    DEFENDANTS

                        **O R D E R**

    Now on this 5th day of January, 2010, comes on for consideration **Defendants' Motion To Stay Proceedings And Compel Arbitration** (document #13), and from said motion, and the response thereto, the Court finds and orders as follows:

    1.   This matter was commenced by the filing of a Complaint in the Circuit Court of Benton County, Arkansas, on March 30, 2009. The Complaint alleges that defendant Middle East Frozen Foods Iraq, LLC ("MEFF Iraq") breached a series of contracts with plaintiff Simmons Prepared Foods, Inc. ("Simmons Prepared"); that defendants Middle East Frozen Foods ("MEFF") and H. Mahmood J. Al-Bunnia & Sons Company ("HMBS") are in default on a promissory note (the "Note") to plaintiff Simmons Foods, Inc. ("Simmons"); and that the Court should pierce the corporate veil of HMBS to impose liability on MEFF; MEFF Iraq; Al Mansour for Salt Production

Company, Ltd.; National Food Products Development Company, Ltd.; International Meat Processing Company; and The Global Company for Meats, Ltd., for the alleged defalcations of HMBS.

2. On June 2, 2009, defendants[1] removed the case to this Court and filed the motion now under consideration. They contend that the Note contains a mandatory binding arbitration provision, and that plaintiffs' other claims are referrable to arbitration as "ancillary and related claims" which are "inextricably intertwined and connected" with the claims on the Note.

3. Plaintiffs agree that Simmons' claims against MEFF should be submitted to arbitration, and agree to also submit Simmons' veil-piercing allegations to arbitration. The Court will, therefore, grant the pending motion to the extent it seeks such relief.

4. Plaintiffs disagree with the contention that Simmons Prepared's claims are required to be submitted to arbitration. They point out that arbitration is a matter of contract, and they cannot be required to submit a dispute to arbitration in the absence of a contractual agreement to do so.

5. A partial copy of the Note was attached to the Complaint, with a full copy being later submitted in connection with Plaintiffs' Response To Defendants' Motion To Stay

---

[1]Defendant The Global Company for Meats, Ltd. is not represented and did not join in the Notice of Removal. Counsel for the remaining defendants states that none of the other defendants is "familiar with the existence" of this company.

Proceedings And Compel Arbitration (document #18). This document comprises an agreement between MEFF and Simmons, in which MEFF agrees to pay $2,479,674.07 to Simmons, said to "evidence the financing of the payment of an amount of [MEFF's] accounts payable equal to the principal of this Note that is owed to [Simmons]." One of several forms of payment contemplated in the Note is "the amount of payments received by [Simmons] from [MEFF Iraq] pursuant to an agreement between [Simmons] and MEFF Iraq that provides for the payment by MEFF Iraq to [Simmons] of $20.00 U.S. per metric ton of poultry products sold by MEFF Iraq."

The Note further provides that the liability of MEFF is "direct and immediate and not conditional or contingent upon the pursuit of any remedies against any other person. . . ."

The relevant arbitration provision of the Note is that "[a]ny dispute, controversy or claim arising out of or relating to this Agreement, or the breach thereof, shall be settled by arbitration . . . ."

The Note is governed by Arkansas law, exclusive of Arkansas choice of law provisions.

6. While there was no copy of any contract attached to the Complaint, a copy of Consignment Contract No. 090707 (the "Contract") was presented as an exhibit to Plaintiff Simmons Prepared Foods, Inc.'s Supplement To The Record On Defendants' Motion To Stay Proceedings And Compel Arbitration (document #20).

The Contract is an agreement between Simmons Prepared and MEFF Iraq, whereby MEFF Iraq will sell Simmons Prepared's products, and pay to Simmons Prepared "all sales proceeds, less agreed fees." Neither Simmons nor MEFF is mentioned in the Contract, which, like the Note, is governed by Arkansas law.

7. Under Arkansas law, arbitration is a matter of contract between the parties, and any contract containing an arbitration agreement must be construed according to ordinary contract construction principles, while giving due regard to the federal policy favoring arbitration. **Terminix International Co., LLC v. Trivitt**, 104 Ark. App. 122, 126, 289 S.W.3d 485, 488 (Ark. 2008). In light of this public policy, arbitration agreements are not "construed strictly but will be read to include subjects within the spirit of the parties' agreement," and "[a]ny doubts and ambiguities of coverage will be resolved in favor of arbitration." **Ruth B. Remmel Revocable Trust v. Regions Financial Corp.**, 369 Ark. 392, 399, 255 S.W.3d 453, 459 (Ark. 2007).

Even when the Court takes the long view mandated by these cases, it fails to see the link by which, as defendants contend, the Note and the Contract are "inextricably intertwined." Neither document references the other, and the Contract does not include any "agreement between [Simmons] and MEFF Iraq that provides for the payment by MEFF Iraq to [Simmons] of $20.00 U.S. per metric ton of poultry products sold by MEFF Iraq." For all the Court can

determine, Simmons and MEFF are involved in the Note, and Simmons Prepared and MEFF Iraq are involved in the Contract, with no connection between the two. It is, therefore, impossible to find that the dispute between Simmons Prepared and MEFF Iraq is one "arising out of or relating to" the Note.

Given this state of affairs, the Court sees no basis to compel Simmons Prepared to arbitrate its dispute with MEFF Iraq, or its veil-piercing claims, and the motion will be denied to the extent it seeks such relief.

**IT IS THEREFORE ORDERED** that **Defendants' Motion To Stay Proceedings And Compel Arbitration** (document #13) is **granted in part and denied in part**.

The motion is **granted** insofar as it seeks to stay further judicial handling of the claims of Simmons Foods, Inc., and the parties are directed to submit those claims to arbitration in accordance with the provisions of the Secured Promissory Note dated August 1, 2006.

The motion is **denied** insofar as it seeks to stay further judicial handling of the claims of Simmons Prepared Foods, Inc.

**IT IS SO ORDERED.**

        **/s/ Jimm Larry Hendren**
        **JIMM LARRY HENDREN**
        **UNITED STATES DISTRICT JUDGE**